JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6363 PA (Ex) | Date | August 23, 2021 |
|---|---|---|---|
| Title | Alejandra Garcia, et al. v. City of Los Angeles, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS ORDER

The Court has before it Plaintiffs' Notice of Voluntary Dismissal of Federal Claims Pursuant to August 17, 2021 Court Order. Plaintiffs seek dismissal without prejudice of Plaintiffs' Fourth, Fifth, and Sixth causes of action for violations of Plaintiffs' First, Fourth, and Fifth Amendment rights. The Court grants Plaintiffs' request for dismissal without prejudice of Plaintiffs' Fourth, Fifth and Sixth causes of action as to all defendants.

Because the Court dismisses Plaintiffs' federal claims, and Plaintiffs do not allege any other federal claims in the First Amended Complaint, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. "[T]he district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." Reynolds v. Cnty. of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996) (quotations and citation omitted), overruled on other grounds by Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quotations and citation omitted); see also De La Torre v. CashCall, Inc., 2019 U.S. Dist. LEXIS 18624, at *12 (N.D. Cal. Feb. 5, 2019) ("The elimination of federal claims does not automatically deprive district courts of subject matter jurisdiction over any supplemental state law claims. . . . However, [c]omity and precedent in this circuit strongly disfavors exercising supplemental jurisdiction.") (quotations and citations omitted). For these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

The Court further exercises its discretion to remand the action so that Plaintiffs may pursue their state law claims in Los Angeles County Superior Court, where they originally filed this action. See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6363 PA (Ex) | Date | August 23, 2021 |
|---|---|---|---|
| Title | Alejandra Garcia, et al. v. City of Los Angeles, et al. | | |

has discretion to remand a properly removed case to state court when none of the federal claims are remaining.").

## Conclusion

    For the reasons stated above, the Court grants Plaintiffs' request to dismiss without prejudice their federal claims. Because the Court has dismissed all federal claims over which it possessed original subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. The action is hereby remanded to the Los Angeles County Superior Court, Case No. 21 STCV07940.

    IT IS SO ORDERED.